### KAYSER v. UNITED ELECTRIC PROTECTION CO.

(Supreme Court, Appellate Term. February 8, 1912.)

MASTER AND SERVANT (§ 80*)—ACTION FOR SERVICES—PROOF—VARIANCE.

Where the complaint in an action for services rendered relied upon actual performance of services, recovery could not be had for the time plaintiff was ill, without an amendment setting up another theory of recovery.

[Ed. Note.—For other cases, see Master and Servant, Dec. Dig. § 80.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles H. Kayser against the United Electric Protection Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued January term, 1912, before SEABURY, GERARD, and HOTCHKISS, JJ.

I. Siegeltuch, for appellant.

Davis, Doyle & Davis (John B. Doyle, of counsel), for respondent.

PER CURIAM. Plaintiff sued for salary for services performed during 17 weeks at the rate of $35 per week. The questions raised on this appeal are chiefly of fact, and were decided in the plaintiff's fa-

vor. We see no good reason for disturbing the trial court's conclusions.

The judgment, however, was excessive. Plaintiff was in a hospital at least four weeks from May 22, 1909, to June 19, 1909, and although, on the trial, he made some pretense that he rendered services during this period, it is clear that he performed none approaching the fulfillment of his regular duties, or remotely approximating performance of his contract. The pleadings were written, and the complaint alleges plaintiff's performance of services. Recovery on some other theory (which would be necessary as to the weeks of illness) could not be had without an amendment to the complaint. No amendment was asked. Hence compensation for the weeks above referred to must be disallowed.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event, unless respondent stipulates to reduce the judgment by deducting $140, with interest on each $35 thereof from the end of the week when said sums would have been due as aforesaid, had plaintiff not been in the hospital, in which case the judgment, as so reduced, should be affirmed, without costs.